ALBERT GUY McNINCH *v.* MERLE V. McNINCH

(No. 8393)

Submitted September 22, 1936. Decided October 27, 1936.

*Martin Brown,* for appellant.
*Lloyd Arnold,* for appellee.

LITZ, JUDGE:

This is an appeal from a decree, granting an absolute divorce and fixing the custody of an infant child (five years of age), the off-spring of the marriage.

Plaintiff, Albert Guy McNinch, and defendant, Merle V. McNinch, were intermarried July 31, 1926, and lived together as husband and wife until December 27, 1934, when they separated and have since remained apart. The suit was instituted April 20, 1935. The bill charges the defendant with adultery and prays for an absolute divorce and custody of the infant child. Defendant filed her answer in the nature of a cross-bill, denying the accusation and charging plaintiff with cruel and inhuman treatment. The answer also prays for an absolute divorce and custody of the child. According to her sworn written statement, she agreed with plaintiff

not to defend the case in consideration that the custody of the child, for three months during the school vacation of each year, be granted her by the court. At the time the case was called for hearing, her counsel, after filing the said sworn statement of defendant, who did not personally appear, withdrew from the case, and the court, proceeding immediately to hear testimony for the plaintiff (in the presence of the divorce commissioner), entered a decree granting him an absolute divorce and the custody of the child, subject to the right of visitation by defendant at reasonable times and "the right to have said child visit her at reasonable times and places so long as such visitations do not interfere with school educational pursuits of said child." Reversal is sought upon the grounds: (1) that the court should not at the time have proceeded with the hearing, in the absence of defendant, after the withdrawal of her counsel; and (2) that the evidence of adultery is insufficient.

Without considering the latter assignment (except to observe that the evidence of adultery is circumstantial), we believe the public interest in divorce proceedings is such that the court should have, under the circumstances, delayed the hearing for investigation by the divorce commissioner. The statute (section 24, article 2, chapter 48, Code 1931) provides: "It shall be the duty of the divorce commissioner to investigate all divorce suits; to appear at all trials and examine witnesses when necessary and defend the interests of the state; to bring before the court, at the trial, all witnesses that are necessary to develop the true facts, and generally take all necessary steps to prevent fraud and collusion in divorce cases." Section 25 requires the plaintiff to give the divorce commissioner thirty days notice before the first day of the term of court at which it is expected to try the case, that a trial will be demanded.

The filing of the affidavit of defendant and the withdrawal of her counsel were, in our opinion, sufficient to put the court on notice of consent or collusion between the parties, or misapprehension of her rights by

defendant. As the plaintiff was seeking absolute divorce on the sole ground of adultery, it could not have been reasonably contemplated that the court would effectuate the alleged contract between the parties concerning the custody of the child. "Out of the interest which the State takes in supporting the marriage institution, and the rights of helpless offspring who may rise to become its responsible citizens, springs what Mr. Bishop calls 'a triangular suit, *sui generis*,' whenever proceedings for divorce are instituted. The divorce suit, in other words, becomes not a controversy between plaintiff and defendant alone (else divorce might be procured through their collusion, and they in effect dissolve their own marriage at pleasure) ; but government or the public is a third party whose interests the court feels bound to protect." 2 Schouler, Marriage, Divorce, (6th Ed.) p. 1732. In *Graham* v. *Graham,* 54 Wash. 70, 102 P. 891, 893, L. R. A. 1917B, 405, 18 Ann. Cas. 999, a divorce was granted to the plaintiff husband in the absence of the defendant upon a bill containing general charges of cruelty and incompatibility of temper and an answer of general denial. Upon subsequent direct attack of the decree by the wife for fraud in its procurement, the court, in referring to the original record, said: " * * * the interest of the public in all actions for divorce is such that a policy has grown up, in accord with enlightened sentiment, to discourage and deny divorces unless claimed upon proper grounds and sustained by an honest disclosure of the facts. There is much in the record that prompts further inquiry. The complaint did not, as the statute (Ballinger's Anno. Codes & Stat. sec. 5730, [Pierce's Code, sec. 4641] ) expressly provides, distinctly state the causes relied upon. Although the proceeding must have borne the earmarks of a divorce by consent or collusion, the prosecuting attorney was not called upon to inquire into the merits of the cause. It was, in effect, notwithstanding the record, a decree by default." The office of divorce commissioner was created for the purpose, as disclosed by the terms of the statute, of pre-

venting imposition upon the public and those directly interested in divorce proceedings. The commissioner, therefore, should have voluntarily stepped into the breach in this case, and upon his neglect to do so, the court should have called upon him to act.

The decree complained of is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*